UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH BOX, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV1273 RLW |
| NANCY J. ROSENSTENGEL, et al., | ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and submission of a civil complaint and supplemental documents under 42 U.S.C. § 1983. Based on plaintiff's status as a "three striker" and a malicious filer in this Court, the Court will dismiss this action, without prejudice, pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e)(2)(B).

### Background

Plaintiff, an inmate at Jefferson City Correctional Center ("JCCC"), filed the instant action pursuant to 42 U.S.C. § 1983, in the United States District Court for the Central District of Illinois, alleging violations of his civil rights. Plaintiff filed a motion for leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. [Doc. #3].

Plaintiff's complaint is handwritten and numbers thirty-six (36) pages, and it is extremely difficult to read. Plaintiff names forty-three (43) individuals as defendants in this action, thirteen (13) of which are either Judges or employees of this Court, or the United States District Court of the Southern District of Illinois, or the Eighth Circuit Court of Appeals. Of the other defendants, plaintiff also names Missouri Governor Nixon, several state court judges, a myriad of wardens

for the Missouri Department of Corrections, several correctional employees of at least four different Missouri correctional facilities and several professional basketball players.

Although his allegations are difficult to discern, it appears that plaintiff's overall assertions center around his belief that the forty-three defendants have engaged in a conspiracy to: 1) kill he and his girlfriends (the Kardashian sisters, as well as 450 other women); 2) place him in a mental ward (presumably at JCCC); 3) fail to provide him with pizza (and place him in a cell with a vegetarian who eats a regular food tray); 4) assist in a criminal investigation against plaintiff in Scott and Mississippi Counties; 5) assist another inmate in killing plaintiff during his incarceration at JCCC; 6) frighten plaintiff's fiancé into believing that she could be raped by another inmate who is presently incarcerated at JCCC; 7) place plaintiff into a "Jesus Sexual Healing Program"; 8) overlook his "legitimate" claims in other civil cases and deny his pro se motions in his criminal actions from 1998-2015; 9) assist another inmate in "taking over" plaintiff's identity; 10) medicating plaintiff with psychotropic drugs; 11) placing a "sonogram" on plaintiff's head; and 12) "retaliating" against plaintiff with transfers to different institutions for what he believes to have been legitimate civil rights claims within the past 7-10 years.

In the Prison Litigation Reform Act of 1996, Congress enacted what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal. *Ashley v. E. Dilworth, CO-1,* 147 F.3d 715, 716–17 (8th Cir.1998).

2

Plaintiff has filed at least three previous cases that were dismissed as frivolous, malicious or for failure to state a claim.[1] Accordingly, plaintiff has "three strikes," and he cannot proceed in a § 1983 action unless he pays the full filing fee or shows that <u>at the time of filing his complaint</u>, he was being subjected to "imminent danger." 28 U.S.C. § 1915(g).

**Discussion**

In the body of all of his disjointed and rambling filings, plaintiff alleges in a wholly conclusory manner that he has been under "imminent danger" at some point in time during his incarceration in the past several years.[2]

He claims that in December of 2013 he was transferred from Potosi Correctional Center to JCCC and forced into a "Jesus Sexual Healing Program" that is hidden from the public at JCCC. He states that as part of the program he was – at some point - subjected to "electrical volts" and "possible poison by defendants." Plaintiff fails to allege when these acts occurred or if they are still occurring on a daily basis.

Because plaintiff's complaint does not show that at the time of the filing of the amended complaint that he was suffering from imminent danger, his motion to proceed in forma pauperis will be denied and his case will be dismissed pursuant to 28 U.S.C. § 1915(g).

Additionally, plaintiff's complaint is subject to dismissal for yet another reason. Plaintiff is a malicious filer in this Court. A Court may determine that an action or allegation is

---

[1]*See Box v. Bollinger*, Case No. 1:02CV105 FRB (E.D. Mo.); *Box v. Scott County Jail*, Case No. 1:96CV69 LMB (E.D. Mo); *Box v. Mississippi County Jail*, Case No. 1:96CV22 LMB (E.D. Mo.).

[2]Although difficult to discern, it appears that plaintiff's allegations include assertions about events that have occurred during his incarceration in JCCC in Jefferson City (located within the venue of the Federal District Court of the Western District of Missouri), as well as events that occurred at Potosi Correctional Center ("PCC"), South Central Correctional Center ("SCCC") and Southeast Correctional Center ("SECC").

"malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. *Spencer v. Rhodes*, 656 F.Supp. 458, 463 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Id.* at 461-63.

The Court notes that many of the claims in this lawsuit have been brought by plaintiff in previous actions before this Court. *See Box v. Dwyer*, 1:04CV0127 HEA (E.D. Mo.); *Box v. Dwyer*, 1:05CV0006 HEA (E.D. Mo.); *Box v. Dywer*, 1:05CV0025 FRB (E.D. Mo.); *Box v. Crawford*, 1:06CV0092 (E.D. Mo); *Box v. Roper*, 4:09CV1430 ERW (E.D. Mo.); *Box v. Roper*, 4:10CV362 CDP (E.D. Mo.); *Box v. Kemna*, 4:13CV540 RWS (E.D. Mo.); *Box v. Steele*, 4:13CV1490 RWS (E.D. Mo.); *Box v. Steele*, 4:13CV1564 AGF (E.D. Mo.); *Box v. Cassady*, 4:14CV1392 TIA (E.D.Mo.).[3] Thus, there is no doubt that plaintiff is a repetitive filer in this Court, often bringing the same allegations over and over in his frivolous filings before the judges of this district. Additionally, a review of the "lifeblood" of each of the aforementioned cases shows that despite careful instruction in many of the cases listed above, plaintiff often blatantly disregards Court orders, refusing to bring his pleadings within the standards enunciated by this Court's Local Rules and the Federal Rules of Civil Procedure. *See, e.g., Box v. Steele*, 4:13CV1052 CAS (E.D.Mo.) [Docs. #16, #43 and #58].

Second, the circumstances of this filing and the tone of the allegations demonstrate that plaintiff is attempting to punish those persons involved with his prior litigation; including the fact that plaintiff has named many of the judges or employees of this Court as defendants in this

---

[3]Many of the allegations contained in his pleading are duplicative of the allegations plaintiff brought in his prior cases in this Court, some of which the Court dismissed pursuant to 28 U.S.C. § 1915(e). *See Cooper v. Delo,* 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

4

action. Moreover, plaintiff has additionally named as defendants Missouri Governor Nixon, several state court judges, and a myriad of wardens for the Missouri Department of Corrections. He has alleged a large-scale conspiracy between all of these "actors," signifying either maliciousness or certain delusional thinking that is also cause for dismissal under 28 U.S.C. § 1915. *See Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (alleged facts are "clearly baseless" when they are obviously "fanciful," "fantastic," or "delusional").

The Court therefore finds that this action has been filed for an improper purpose, and the Court is also required to dismiss this action as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **DENIED** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that, alternatively, this case is **DISMISSED** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of August, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

5